

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable S. B. Buchahan, Jr.
County Attorney
Val Verde County
Del Rio, Texas

Dear Sir:

Opinion Number O-3606
Re: Authority of Commissioners'
Court to expend funds allo-
cated to it by Article 6675a-1,
et seq., on roads leading from
State highways or designated
county roads but not constitut-
ing a part of the county or
State Highway System.

We have your letter of May 23, requesting our opinion
on the following question:

"Does the commissioners' court have the author-
ity to expend funds allocated to the county by
Article 6675a-1 to 6675a-14 on roads which lead
from State highways or designated county roads
through or into privately owned and inclosed ranch
lands or pastures to ranch houses or other points
within said inclosures there terminating?"

The facts underlying your question are substantially
as follows:

The lands in question are inclosed by substantial fences
and cross fences and closed gates are kept where the roads inter-
sect such fences. The roads are not designated county roads or
roads to which a prescriptive right could be said to have been
established; but rather are roads travelled in most instances
by the private landowners going to and from their ranches; their
employees, business or social guests. The right-of-ways have
not been donated to the county for road purposes nor are they

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

to be designated as county roads after improvement. Said roads are not barred to public use, but are not used to a great extent by the general public and such use as is made by the public would be considered a permissive use on the part of the landowner. They are not roads which the Commissioners' Court have declared to be public roads by reason of public necessity or upon proper application made by freeholders.

It seems clear that the above described road is nothing more than a privately owned or controlled thoroughfare for the use of the owners of such land. Article 6675a-1 defines the words and terms as used in such law, and under subsection (m) public highway, as used in the Act, is defined so as to include any road, street, way, thoroughfare or bridge in this State not privately owned or controlled, for the use of vehicles over which the State has legislative jurisdiction under its police power. Article 6674q-2 defines lateral roads as follows:

"All roads which prior to January 2, 1939, had not become a part of the system of State designated highways, for convenience in this Act are called 'lateral roads' ".

It is our opinion that the lateral roads to which the Act refers can be nothing more than such roads as constitute a part of the county road system as contradistinguished from the State Highway System; therefore, we think the funds allocated to the counties for the use on lateral roads under the provisions of this Act would be restricted to the use on roads constituting a part of the county system and over which the county commissioners' court has jurisdiction.

Trusting that the foregoing satisfactorily answers your inquiry, we are

APPROVED JUN 6, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

CEC:s

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Clarence E. Crowe

Clarence E. Crowe
Assistant

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN